IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES RICHARD DUDLEY,

    **Plaintiff,**

    v.                                       CASE NO. 23-3074-JWL

KANSAS DEPARTMENT OF
CORRECTIONS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff brings this pro se civil rights action. He is a state prisoner confined at the El Dorado Correctional Facility in El Dorado, Kansas. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted. (Memorandum and Order to Show Cause, Doc. 9) ("MOSC"). Before the Court is Plaintiff's Response to the MOSC (Doc. 12).

Plaintiff states in his Response that his Complaint was filed under the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. ("ADA"), and the Court should not have "inferred" a cause of action under 42 U.S.C. § 1983. Plaintiff is correct that he titled the Complaint as "Civil Rights Complaint pursuant to 42 U.S.C. § 12131 et seq. (Americans with Disabilities Act 2008)." However, the Complaint also states that Plaintiff is alleging violation of the Eighth Amendment, the Equal Protection Clause, the First Amendment, and the Due Process Clause, as well as "the torts of assault and battery, medical malpractice, infliction of emotional distress, abuse of a dependent person and harassment" (Doc. 1, at 2). The MOSC found as follows: "Plaintiff includes a list of additional claims, such as violation of the Americans with Disabilities Act, excessive force,

deficient health care, violation of the Equal Protection Clause, violation of his right to due process, and the state torts of assault and battery, medical malpractice, intentional infliction of emotional distress, abuse of a dependent person, and harassment, but he makes no effort to differentiate which allegations support which claim or which persons are defendants to which claim. He has not included different counts in his Complaint with supporting factual assertions for each. These claims are subject to dismissal." Doc. 9, at 11. Plaintiff was given the opportunity to file an amended complaint clarifying his claims but chose not to do so.

The Court will re-screen the Complaint pursuant to 28 U.S.C. § 1915A(a) as being brought only under the ADA. This task is made more difficult because the Complaint is not on the court-approved form. It is missing a list of the counts Plaintiff is bringing with separate facts supporting each count. The Complaint is also missing a description of the requested relief, whether Plaintiff has raised these claims in any other lawsuits, and whether he has exhausted his administrative remedies. In responding to this show cause order, the Court encourages Plaintiff to file an amended complaint. If he chooses to do so, it must be on the court-approved form and should include only ADA claims.

The ADA prohibits discrimination by government entities on the basis of disability. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. State prisons are within Title II's definition of "public entities." *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209-10 (1998). "To state a claim under Title II of the ADA, a plaintiff must allege: (1) he is 'a qualified individual with a disability'; (2) he 'was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or

was otherwise discriminated against by the public entity'; and (3) 'such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.'" *Crane v. Utah Dept. of Corrections*, 15 F.4th 1296, 1312 (10th Cir. 2021) (quoting *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016)).  The inability to prove any one of these elements precludes an ADA claim.  *Id.*  "Courts have recognized three ways to establish a discrimination claim: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation."  *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016).

While Plaintiff argues in his Response that he has provided ample evidence of qualifying as disabled under the ADA due to suffering from Attention Deficit Hyperactivity Disorder ("ADHD") and anxiety, at no point in the Complaint does he make the allegation that he is a qualified individual with a disability.  A disability within the meaning of the ADA requires proof that an individual has an impairment that limits one or more of his major life activities, has a record of such an impairment, or is regarded as having such an impairment. 42 U.S.C. § 12102(2).  While ADHD and anxiety can be qualifying disabilities under the ADA, the determination is based on more than a diagnosis; "a plaintiff must ultimately prove either an actual or perceived substantial limitation in a major life activity to prevail on a claim under the ADA."  *Hughes v. Colorado Dep't of Corr.*, 594 F. Supp. 2d 1226, 1239–40 (D. Colo. 2009).

As for the second element of an ADA claim, Plaintiff alleges in his Response that he has been denied treatment for his disability, punished for exhibiting symptoms of his disability, and retaliated against for filing grievances asserting his rights under the ADA.  Again, at no point in the Complaint does he coherently make these assertions in the context of the ADA.  Plaintiff also fails to state in the Complaint what type of ADA claim(s) he is bringing; he fails to state whether

he is alleging exclusion from participation in a public entity's services, programs, or activities, or intentional discrimination, disparate impact, or failure to make a reasonable accommodation.

Plaintiff claims in his Response, but not in the Complaint, that "there can be no blanket policy of denial of medications for a disability" under the ADA. Doc. 12, at 2. However, Plaintiff cites cases using the Eighth Amendment, not the ADA, as the basis for such a claim. *See Kenny v. Panderes*, 217 F. Supp. 2d 1095, 1100 (D. Haw. 2002); *Perkins v. Kansas Department of Corrections*, 165 F. 3d 803, 811 (10th Cir. 1999). Under the ADA, it is not entirely clear whether a blanket denial of treatment would state a claim. While the Tenth Circuit has found that the ADA does not provide a remedy for medical malpractice (*see Hughes*, 594 F. Supp. 2d at 1240-41), the Supreme Court has noted that "it is quite plausible that the alleged deliberate refusal of prison officials to accommodate [an inmate's] disability-related needs in such fundamentals as ... medical care ... constitute[s] exclusion from participation in or ... denial of the benefits of the prison's services, programs, or activities." *United States v. Georgia,* 546 U.S. 151, 157 (2006) (alterations and internal quotation marks omitted).

In addition, Plaintiff claims in his Response that he was "placed and kept in administrative segregation in retaliation for pursing administrative remedies for Centurion and KDOC's refusal to treat plaintiff's ADHD and anxiety and choosing to punish plaintiff instead of providing treatment." Doc. 12, at 3. Again, the Complaint does not include this formulation of his claim. "Retaliation under Title II of the ADA requires a plaintiff to show (1) he engaged in statutorily protected expression, (2) he suffered an adverse action, and (3) the adverse action was causally related to the protected expression." *Young v. City of Claremore, Okla.*, 411 F. Supp. 2d 1295, 1316 (N.D. Okla. 2005) (citing *Higdon v. Jackson*, 393 F.3d 1211, 1219 (11th Cir. 2004)). If

Plaintiff chooses to file an amended complaint, he should allege each element of an ADA retaliation claim with supporting facts.

Finally, the Complaint names many individuals as defendants. By its terms, the ADA is applicable only to "public entities." A public entity includes "state and local government[s,]" as well as their "department[s], agenc[ies], ... [and] instrumentalit[ies.]" 42 U.S.C. § 12131(1)(A)-(B). State prisons are within Title II's definition of "public entities." *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209-10 (1998). Because this definition does not appear to encompass individual defendants, "'most courts have held that Title II [ADA] claims cannot be maintained against individual defendants.'" *Smith v. Drawbridge*, 2017 WL 9482173, at *7 (W.D. Okla. Sep. 8, 2017) (quoting *Lewis v. N.M. Dep't of Health*, 94 F. Supp. 2d 1217, 1230 (D. N.M. 2000) (citing cases), *aff'd*, 261 F.3d 970 (10th Cir. 2001)) (and cases cited therein); *see also Rix v. McClure*, 2011 WL 166731, at *6 (D. Kan. Jan. 19, 2011) (individual defendant sued in individual capacity is not a public entity under Title II). Furthermore, ADA claims against individual defendants employed by the private corporation Centurion are subject to dismissal. *Phillips v. Tiona*, 508 Fed Appx. 737, 754 (10th Cir. 2013) ("Title II of the ADA does not generally apply to private corporations that operate prisons."). "The proper defendant in a Title II ADA claim is the public entity itself or an official acting in his or her official capacity on behalf of the public entity." *Garcia v. Schnurr*, 2021 WL 2413391, at *4 (D. Kan. June 14, 2021) (citations omitted).

Plaintiff also must allege how each individual defendant personally participated in the violation of the ADA. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of

involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated the ADA. The majority of the defendants named by Plaintiff are subject to dismissal.

After reviewing Plaintiff's Response to the MOSC and re-screening the Complaint as being brought only under the ADA, Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **August 21, 2023,** in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **August 21, 2023**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (23-3074-JWL) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the acts taken by each defendant including dates, locations, and circumstances.

**IT IS SO ORDERED**.

**Dated July 19, 2023, in Kansas City, Kansas.**

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
